**Jalil Abdul MUNTAQIM, a/k/a Anthony**
**Bottom, Plaintiff–Appellant,**

v.

**Phillip COOMBE; Anthony Annucci;**
**Louis F. Mann, Defendant–**
**Appellee.**

No. 01–7260.

United States Court of Appeals,
Second Circuit.

Oct. 1, 2004.

Jonathan William Rauchway, Esq., Denver, CO, for Plaintiff–Appellant.

Julie Mathy Sheridan, Esq., Albany, NY, Nancy Northup, Esq., New York, NY, Richard J. Freshour, Esq., Albany, NY, for Defendants–Appellees.

At the request of a judge, the court *sua sponte* conducted a poll as to whether to rehear this case *in banc*. The suggestion did not garner support from a majority of the active judges on the court, and has therefore failed.

JOSÉ A. CABRANES, Circuit Judge, concurring.

The question presented in this case should not be confused with the more frequently debated question whether *former* felons should lose their right to vote for a time or even permanently. The issue presented here is whether New York Election Law § 5–106–which disenfranchises persons *currently in prison or on parole*-can be challenged under the Voting Rights Act. This presents a significantly narrower legal and policy issue. *See Developments in the Law: One Person, No Vote: The Laws of Felon Disenfranchisement*, 115 Harv. L.Rev.1939, 1942–43 (2002) (noting that two states grant prisoners the franchise; sixteen states disenfranchise felons during the incarceration period only; four states, including New York and Connecticut, disenfranchise those incarcerated or on parole, but not those on probation; and twenty-eight states disenfranchise those incarcerated, on parole, or on probation, of which eight permanently disenfranchise those convicted of felonies).

I note also that the New York law here in question dates to 1829 in its original form, more than thirty years before the Civil War. *See* 1 N.Y.Rev.Stat. ch. 6, tit. 1, § 3 (1829) ("No person who shall have been convicted within this state, of an infamous crime, at any time previous to an election, shall be permitted to vote thereat; unless he shall have been pardoned by the executive, and by the terms of such pardon restored to all the rights of a citizen."); *see also* N.Y. Const. Art. 2, § 2 (1829) ("Laws may be passed, excluding from the right of suffrage, persons who have been, or may be, convicted of infamous crimes."). There is no claim in this action that the statute was enacted with any racially discriminatory intent, but rather that the statute "violates the Voting Rights Act because it has 'resulted in the unlawful dilution of voting rolls in the African–American and Hispanic communities of New York City' and because the racial disparity in New York's prison population is caused, at least in part, by racial discrimination in sentencing." *Muntaqim v. Coombe*, 366 F.3d 102, 105 (2d Cir.2004) (quoting Compl. ¶ 18).

As the author of the panel opinion which has been the subject of the *en banc* poll, I offer a bit of history. No party has sought *en banc* review in this case; rather, the litigants chose to petition directly for a writ of certiorari in the Supreme Court. They do so with good reason. This case presents major questions of constitutional law and statutory interpretation which are now the subject of different holdings in several circuits. The panel opinion specifically stated that "all three judges on this panel believe that the issues presented in this case are significant and, in light of the differing perspectives among and within the courts of appeals, warrant definitive resolution by the United States Supreme Court." *Id.* at 130. No judge of this Circuit has expressed any view suggesting otherwise.

As noted in our panel opinion, a panel of the Ninth Circuit has held that a claim of vote denial under Washington State's felon disenfranchisement scheme can state a claim under § 1973.[1] *Farrakhan v. Washington*, 338 F.3d 1009, 1012 (9th Cir.2003)

---

1. Judge Richard A. Paez's opinion was joined by U.S. Circuit Judge Dorothy W. Nelson, and U.S. Circuit Judge Harlington Wood, Jr., of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

(involving disenfranchisement scheme whereby "disenfranchised felons in Washington remain ineligible to vote until they have completed all the requirements of their sentences and have obtained certificates of discharge" from the sentencing court).[2] In *Johnson v. Governor of Florida*, 353 F.3d 1287 (11th Cir.2003), a panel of the Eleventh Circuit, over a dissent by Judge Phyllis A. Kravitch, assumed, though it did not expressly hold, that § 1973 applies to felon disenfranchisement schemes.[3] *Id.* at 1292–93, 1306 (involving disenfranchisement scheme whereby first-time convicted felons are permanently disenfranchised unless they receive clemency). This judgment was recently vacated when the Eleventh Circuit decided to rehear the case *en banc*. *Johnson v. Governor of Florida*, 377 F.3d 1163 (11th Cir. July 20, 2004).

Petitions for certiorari are currently pending before the Supreme Court in this case as well as in *Farrakhan*. *See Muntaqim v. Coombe*, petition for cert. filed, 2004 WL 1752185 (U.S. July 21, 2004) (No. 04–175); *Locke v. Farrakhan*, petition for cert. filed, 2004 WL 1203077 (U.S. May 24, 2004) (No. 03–1957).

In these circumstances, it seems clear that the Supreme Court's definitive, nationwide resolution of the questions presented by these cases is appropriate.

STRAUB, POOLER, SACK and KATZMANN, Circuit Judges, concurring.

While we recognize that the suggestion to rehear this case *in banc* has failed, our concurrence is specifically without prejudice to renewal by a judge or party after the Supreme Court acts on the *certiorari* petitions now pending.

JACOBS, Circuit Judge, dissenting.

I have no qualm about the panel's scholarly opinion; but I vote in favor of the poll nevertheless, because a majority now expresses-or signals an interest in hearing this appeal *in banc*. Unless our *in banc* practice is to become a dead letter altogether, this is a circumstance in which our full Court should convene. It is no proper solution for us to forgo *in banc* review "without prejudice," and thus expressly reserve an opportunity to hear the case as a full court if the Supreme Court does not: the Court of last resort is on First Street, not on Foley Square.

CALABRESI, SOTOMAYOR, and B.D. PARKER, JR., Circuit Judges, dissenting.

We respectfully dissent from the court's denial to rehear this appeal *in banc*.

---

2. The Ninth Circuit denied a petition for rehearing *in banc* over the dissent of seven judges. *See Farrakhan v. Washington*, 359 F.3d 1116 (9th Cir.2004).

3. Judge Rosemary Barkett's majority opinion was joined by U.S. District Judge John P. Fullam, of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.